CLERK'S FILE COPY

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,       )
                                )
                Plaintiff,      )
                                )
     -vs-                       )    No. 99 CR 611
                                )
BRIAN L. INGLESE, et al.,,      )    Chicago, Illinois
                                )    October 6, 1999
                Defendant.      )    10:30 a.m.

REPORT OF PROCEEDINGS - Motion
BEFORE THE HONORABLE GEORGE M. MAROVICH

For the Plaintiff:          HON. SCOTT R. LASSAR,
                            United States Attorney,
                            BY:  MR. DAVID HOFFMAN
                            219 South Dearborn,  Suite 1200
                            Chicago, Illinois  60604


For the Defendant:          MR. CARL M. WALSH
                            39 South LaSalle Street.
                            Suite 1400
                            Chicago, Illinois  60603
                            (312) 332-7374

                            MR. JOEL W. OSTRANDER
                            617 Wesley Avenue
                            Oak Park, Illinois  60304
                            (708) 383-2237


Official Court Reporter:    Geraldine D. Monahan
                            219 South Dearborn Street
                            Room 1222
                            Chicago, Illinois 60604
                            (312) 435-6890

1    THE CLERK:  99 CR 611, United States v. Inglese, et

2 al.

3    MR. HOFFMAN:  Good morning, your Honor.  David

4 Hoffman for the United States.

5    MR. WALSH:  Good morning, Judge.  Carl M. Walsh on

6 behalf of Brian Inglese.

7    I apologize.  It was on calendar for 9:30.  Then we

8 realized that part was stricken and it was just Mr. Hoffman's

9 motion.

10    THE COURT:  Well, there are things, Mr. Walsh, that

11 make me think you are well worth waiting for.

12    MR. WALSH:  Thank you, your Honor.  I appreciate it.

13    MR. OSTRANDER:  Good morning, your Honor.  Joel

14 Ostrander, O-s-t-r-a-n-d-e-r.

15    THE COURT:  What are we doing here and how much of

16 this has to do with how we play the game?

17    MR. HOFFMAN:  Your Honor, the only thing pending this

18 morning is our motion for disqualification of Mr. Ostrander for

19 multiple representations.

20    THE COURT:  I know what's before me, counsel.  I

21 asked a different question.  How much of this is part of how we

22 play the game, how much of it do I have to decide?  What are we

23 doing?

24    MR. HOFFMAN:  Your Honor, I don't believe any of it

25 has to do with any gamesmanship.  We felt obligated to file the

motion because, under the case law, we are in a difficult

position when counsel represents multiple defendants in the

same indictment.

On the one hand, counsel could claim on appeal that

Mr. Ostrander was ineffective because he had dual

representation.  On the other hand, if he's not able to get Mr.

Ostrander, he can claim he was not able to have the counsel of

his choice.  Rule 44(c) says if your Honor thinks a conflict is

likely, the right thing to do is hold a hearing.

We wanted to bring this to the Court's attention as

quickly as possible, which is why we filed the motion.

THE COURT:  There is also another possibility.

Whatever difficulty there may be, real or imagined, can be

waived and Mr. Ostrander can appeal.  Is that not so?

MR. HOFFMAN:  Yes.

THE COURT:  So what are we doing is what I'm asking.

MR. OSTRANDER:  Defendant is going to ask leave to

file their affidavit which they have both signed, Howard

Zelenka, Z-e-l-e-n-k-a, president B&H Sport, Ltd., as signed

the affidavit, as well as Earl Baumhardt Jr.  And we have

attached the government's motion, which they have initialed, as

Exhibit A.  They have both initialed, indicating that they have

read it in full and understand it.  The affidavit --

THE COURT:  Are one or both of them here this

morning?

1    MR. OSTRANDER:  Mr. Baumhardt is present in court,

2  your Honor.

3    THE COURT:  Explain to me who it is that you are

4  representing.

5    MR. OSTRANDER:  I'm representing both B&H Sports,

6  Ltd., and Earl Baumhardt Jr.

7    THE COURT:  That is the corporation and Mr. Baumhardt

8  is a part of that corporation, but other people as well, or

9  what?

10    MR. OSTRANDER:  The store has other employees as

11  well.

12    THE COURT:  I'm just trying to identify the players.

13  I know that Mr. Baumhardt is standing here before me.

14    MR. OSTRANDER:  Mr. Baumhardt is --

15    THE COURT:  Mr. Inglese is not, and B&H is somebody

16  that I do not know as of this moment, is who?

17    MR. OSTRANDER:  Let me explain, your Honor.  Brian

18  Inglese is a former employee of B&H Sports, Ltd., and a former

19  corporate officer.  He resigned his capacity in both.  Earl

20  Baumhardt here was and is an employee of B&G Sports, Ltd.

21    THE COURT:  Okay.  And you represent Mr. Baumhardt

22  who now is the sole owner of the B&H Sports, Ltd?

23    MR. OSTRANDER:  Howard Zelenka is the majority

24  shareholder.

25    THE COURT:  Mr. Zelenka is not a defendant here?

1   MR. HOFFMAN:  That's correct.  He's not a defendant.

2   THE COURT:  He is not?

3   MR. HOFFMAN:  He is not.

4   THE COURT:  Let me see your affidavit.

5   Mr. Baumhardt did you read this motion?

6   DEFENDANT BAUMHARDT:  Yes, sir.

7   THE COURT:  Do you understand what the problem is?

8   DEFENDANT BAUMHARDT:  Yes, sir.

9   THE COURT:  Real or imaginary?

10  Defendant BAUMHARDT:  Yes, sir.

11  THE COURT:  Did you discuss it with Mr. Ostrander?

12  DEFENDANT BAUMHARDT:  Yes, sir.

13  THE COURT:  Did you discuss it with anybody else?

14  THE DEFENDANT:  No, sir.

15  THE COURT:  Did you discuss it with Mr. Zelenka?

16  DEFENDANT BAUMHARDT:  No, sir.

17  THE COURT:  You discussed it with Mr. Zelenka?

18  MR. OSTRANDER:  Yes, sir, I did.

19  THE COURT:  You represent Zelenka?

20  MR WALSH:  No, Judge.  Mr. Zelenka is not indicted

21  and, therefore, I guess has no counsel as far as this case is

22  concerned.

23  THE COURT:  Right.  And when push gets to shove, am I

24  right in assuming the one who primarily would have the claim of

25  conflict, if anybody, would be Mr. Baumhardt is that correct,

1  as far as this case is concerned?

2  　　　　MR. HOFFMAN:  It seems to me that both the

3  corporation and Mr. Baumhart might.  The affidavit the judge

4  was just handed was for Mr. Zelenka acting for B&H Sports and

5  Mr. Baumhardt.  So if there is going to be a waiver, we would

6  seek one from both parties.

7  　　　　THE COURT:  It's signed by both parties?

8  　　　　MR. HOFFMAN:  Right.

9  　　　　THE COURT:  Does that take care of it?

10  　　　　MR. OSTRANDER:  Yes, sir.

11  　　　　THE COURT:  I will accept the waiver.

12  　　　　MR. HOFFMAN:  Your Honor, one more thing.  Does that

13  mean that the waiver is effective as to B&H Sports without Mr.

14  Zelenka's appearance?

15  　　　　THE COURT:  I will take his signature notarized as

16  being appropriate without him being here.

17  　　　　MR. HOFFMAN:  Okay .

18  　　　　MR. OSTRANDER:  Thank you, your Honor.

19  　　　　THE COURT:  Now let me ask you, where are we at with

20  this case?

21  　　　　MR. WALSH:  Judge, that was the next matter we were

22  going to bring up.  You had extended our time to yesterday to

23  file pretrial motions.  Because Mr. Ostrander's office is

24  nowhere near mine, he got down here this morning with his

25  copies of things.  I have my motions -- my secretary is at the

1  moment collating and putting them together.  They can be on

2  filed by noon.  We would similarly ask for an extension to

3  later today to file them.

4          THE COURT:  That's fine.  I'm really concerned,

5  counsel, with where we are at in this saga.  I told you once

6  and I'm telling you again that I am trying to gear my life

7  around January 2, 2000, when I pack up my robe, get in my car

8  and go to Florida.

9          MR. WALSH:  I fully understand --

10         THE COURT:  Until I know where it is we are going to

11 be with this case --

12         MR. WALSH:   Hopefully in Florida.

13         THE COURT:  -- done or not done on January 2.

14         MR. WALSH:  One of our motions that is quite

15 extensive is a motion for change of venue, and we have

16 suggested the Southern District of Florida to accommodate the

17 Court and would make it easy for us.

18         THE COURT:  Well, I don't know about that.

19         MR. WALSH:  I understand, your Honor.   I'm not

20 asking you to rule.  We are also filing other motions.  And you

21 did set a briefing schedule.  If the government needs an extra

22 day, I have no problem with that.  And you have already set a

23 status date.  I believe it's November 4.

24         MR. HOFFMAN:  Yes.

25         THE COURT:  And that we will keep.

1    THE COURT:  We will look at it then, but keep in mind

2  what the situation is.

3    MR. HOFFMAN:  Your Honor, we turned over 2.04

4  material.  It was not that extensive.  We think it's not that

5  complicated a case and we are ready to go to trial quickly.

6  We'll know more on the 4th.  That's the government's position.

7  We are ready to go.

8    THE COURT:  Good enough.

9    MR. WALSH:  Thank you, your Honor.

10    MR. OSTRANDER:  Thank you, Judge.

11

12    C E R T I F I C A T E

13  I certify that the foregoing is a correct transcript from the

14  record of proceedings in the above-entitled case on October 6,

15  1999, at 10:30 a.m.

16

17

18  _Geraldine D. Monahan_                    _5 - 10 - 01_
    Official Court Reporter                        Date
19  United States District Court
    Northern District of Illinois
20  Eastern Division

21

22

23

24

25